IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMIE CARTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:15-cv-299-WKW-SRW |
| ) | |
| J.A. LOGISTICS, INC. ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On May 5, 2015, the above-styled matter was referred to the undersigned by Chief United States District Judge William Keith Watkins for further proceedings and determination or recommendation as appropriate. (Doc. # 4); see also 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; United States v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990).

This matter is before the court upon consideration of plaintiff's response to the court's order to show cause why this action should not be dismissed for plaintiff's failure to comply with the Federal Rules of Civil Procedure and orders of this court (Doc. #26), as well as what the court construes to be a motion for appointment of counsel contained therein (id.), and plaintiff's motion to reschedule the show cause hearing held on March 14, 2016. (Doc. #30). For the reasons set forth below, it is the recommendation of the undersigned that this action be dismissed with prejudice, and that the motion for

appointment of counsel and motion to reschedule the show cause hearing be denied as moot.

## STANDARD OF REVIEW

"Rule 41(b) of the Federal Rules of Civil Procedure 'authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.'" Tweed v. State of Florida, 151 Fed. Appx. 856, *1 (11th Cir. 2005) (quoting Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999)). Additionally, a district court has "inherent [ ] authority to enforce its orders and ensure prompt disposition of legal actions." State Exchange Bank v. Hartline, 693 F.2d 1350, 1353 (11th Cir. 1982). Dismissal is appropriate either on the motion of a party or *sua sponte*. See Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)("[A] federal district court has the inherent power to dismiss a case *sua sponte* . . . even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to require a motion from a party.").

"[D]ismissal for failure to prosecute is a severe sanction of last resort that may only be granted in 'extreme situations' such as a plaintiff's 'clear record of delay or contumacious conduct.'" Id. (quoting Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1366 (11th Cir. 1995)). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id. (quoting McKelvey v. AT & T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)). "Violations caused by simple negligence, misunderstanding, or inability

to comply do not constitute willfulness." Martin v. Astrue, 2012 WL 695112, *1 (N.D. Fla. 2012)(quoting Powell v. Siegal, 2011 WL 5574963, at *1 (11th Cir. 2011)).

In deciding whether extreme circumstances exist, the court must engage in a two-part process. "Dismissal with prejudice under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not serve the best interest of the judiciary." Id. (quoting Gratton, 178 F.3d at 1374). "The district court must make findings satisfying both prongs of this standard before dismissal as a sanction under Rule 41(b) is appropriate." Calloway v. Perdue Farms, Inc., 313 Fed. Appx. 246, 249 (11th Cir. 2009). "With respect to the first prong . . . simple negligence is not sufficient to warrant dismissal." Id. "With respect to the second prong, while the district court must consider the appropriateness of lesser sanctions, such consideration need not be explicit." Id.

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).

### PROCEDURAL BACKGROUND AND DISCUSSION

Plaintiff, who proceeds *pro se* and *in forma pauperis*, initiated this action by filing a complaint alleging Title VII violations on May 4, 2015. (Doc. #1). On October 9, 2015, defendant filed a motion to compel responses to its written discovery requests. (Doc. #15). Defendant represented that it had propounded its first interrogatories and requests for production to the plaintiff on July 22, 2015, and plaintiff had not yet responded. (Id.). The court granted the motion to compel and ordered plaintiff to respond in writing to

defendant's discovery requests on or before October 28, 2015. (Doc. #16). Plaintiff failed to do so. In a letter dated November 3, 2015, defense counsel reminded plaintiff of the court's order and requested plaintiff's discovery responses by that Friday, November 6, 2015. (Doc. #19-1, Exhibit A to defendant's second motion to compel). On November 20, 2015, defense counsel again wrote to plaintiff, reminding him of his obligation to respond to the outstanding discovery as ordered by the court, and advising him that defendant would file a motion seeking dismissal of this action if plaintiff failed to provide written responses within the next ten days. (Doc. #19-2, Exhibit B to defendant's second motion to compel).

On December 2, 2015, defendant filed its second motion to compel, in which it sought a second order compelling plaintiff to respond to its interrogatories and production requests, and an award of expenses "[b]ecause the [d]efendant has been forced to file two motions to compel." (Doc. #19, ¶8). In the alternative, defendant requested that "this Court consider dismissing this case for lack of prosecution in light of the Plaintiff's continuing failure to participate in discovery or comply with the Court's prior order." (Id.). On December 11, 2015, the court entered an order directing plaintiff to respond to defendant's first interrogatories and requests for production, if he had not already done so, on or before December 18, 2015. The court further directed plaintiff to show cause, on or before December 28, 2015, why the court should not grant defendant's motion to the extent that it seeks an award of its expenses in the amount of $300. (Doc. #20). The court advised plaintiff in the order that "his failure to comply with [the] order, or with any other order of the court, may result in dismissal of this action." (Id.). Plaintiff failed to respond to the show cause order.

On January 11, 2016, this court entered an order granting defendant's motion for an award of reasonable expenses incurred in prosecuting its second motion to compel, and ordered that defendant file a declaration or affidavit from its attorney substantiating the amount of expenses sought. (Doc. #22). The court also ordered that plaintiff may file, on or before January 25, 2016, a response to such declaration or affidavit limited to the issue of whether the affidavit is sufficient to demonstrate that defendant reasonably incurred expenses in the amount of $300. (Id.). Defendant timely filed a response to the court's January 11, 2016 order, and attached the requested attorney's declaration. (Doc. #23). In its response, defendant represented that plaintiff had yet to respond to the written discovery requests that defendant served on plaintiff nearly six months prior, despite two previous court orders directing plaintiff to do so, and the court's granting a motion for monetary sanctions associated with the same. (Id. at ¶3). Defendant also stated that, although plaintiff had appeared for his deposition, the deposition could not be completed due to plaintiff's work conflict. (Id.). Defendant attached to its response an excerpt from the deposition transcript demonstrating that plaintiff testified regarding his current and prior employment. Based on this sworn testimony, the court determined that plaintiff's work history conflicted with plaintiff's declarations, made under the penalty of perjury, contained in his motion to proceed *in forma pauperis*. (Doc. #24).

In light of the above, this court entered an order on January 14, 2016, directing plaintiff to show cause, on or before January 28, 2016, why this action should not be dismissed pursuant to Rule 41(b) due to plaintiff's failure to comply with the Federal Rules of Civil Procedure and orders of this court, and/or pursuant to 28 U.S.C. § 1915(e)(2)(A)

5

because of false allegations of poverty in his *in forma pauperis* declaration. (Doc. #24). In its order, this court specifically directed that plaintiff's written response include the following: (1) a statement of his reasons for his lack of response to defendant's written discovery requests and for his failure to comply with the court orders directing him to do so, and (2) an explanation of the discrepancies between his deposition testimony and the statements he made regarding income in his *in forma pauperis* declaration. (Id.). The court advised plaintiff that failure to comply with the order may result in dismissal of his case. (Id.).

On January 28, 2016, plaintiff filed a response to the court's show cause order. (Doc. #26). The response did not comply with this court's January 14, 2016 order. (Id.). Rather than providing the information ordered by the court, plaintiff stated, "I did not give any specific times of my employment dates in which my unemployment compensation wages were granted through the State of Alabama." (Id.). Plaintiff then indicated that (1) his employment history is irrelevant to his Title VII claims, (2) he did not "intentionally try to falsify any information relating to the deposition," (3) the defense attorney is prolonging the case with no intent to resolve it, and (4) he wants court-appointed counsel. (Id.) On February 19, 2016, this court entered an order noting that plaintiff had failed to comply with its order, and set the matter for a show cause hearing before the undersigned on March 14, 2016. (Doc. #27). The order directed plaintiff to produce at the hearing financial documents corroborating his allegations of poverty. (Id.). The court again advised plaintiff that failure to comply with the order may result in dismissal of his lawsuit. (Id.). The hearing was held on March 14, 2016, as scheduled; however, plaintiff neither attended

6

it nor provided the court with the financial documents he was ordered to produce. Later that day, plaintiff called the chambers of the undersigned and asked that the hearing be rescheduled. On March 16, 2016, plaintiff filed a motion to reschedule the hearing, stating that he was unable to make it to the hearing "due to lack of man power on [his] job." (Doc. #30).

The record is replete with examples of plaintiff's failure both to prosecute this case and to obey the orders of this court. Despite numerous opportunities, plaintiff has repeatedly failed to respond to defendant's written discovery requests, which are now nearly ten months overdue. Plaintiff has also failed to comply – without explanation – with two court orders commanding him to do so. While plaintiff did appear for a partial deposition, this isolated effort does not absolve plaintiff of his responsibility to respond to defendant's written discovery requests – particularly defendant's requests for documents – or his failure to comply with this court's orders. In fact, it suggests that plaintiff is not only well aware of the proceedings in this court,[1] but has cherry-picked the parts of the litigation in which he wishes to participate. Such behavior is not "simple negligence." It is willful conduct in direct contravention of this court's orders.

Plaintiff has also failed to comply with other court orders. As explained above, this court commanded plaintiff to show cause why this case should not be dismissed. The court ordered plaintiff to explain in writing two discrete issues – why he has failed to respond to

---

[1] Indeed, though given numerous opportunities to explain his failure to respond to defendant's discovery requests and obey this court's orders, plaintiff has never argued that he has not received any filings or orders. Furthermore, the fact that plaintiff filed a response to the court's January 14, 2016 show cause order and filed an after-the-fact motion to reschedule the March 14, 2016 hearing is evidence that he received and was aware of these orders.

defendant's discovery requests and why the statements in his *in forma pauperis* application conflict with his deposition testimony. Plaintiff filed a response to the court's order; however, he failed to include the information specifically requested by the court, forcing the court to set the matter for hearing. Although plaintiff was ordered to attend and provide the court with financial documents, he did neither. While plaintiff called chambers *after* the hearing, and filed a motion two days later asking to reschedule the hearing, the motion does not excuse his failure to attend. Again, plaintiff's non-attendance and failure to produce documents requested by the court cannot be said to be the product of simple negligence or a lack of understanding; rather, it is yet another link in a long chain of examples of willful failure to prosecute this case and obey this court's directives.

Thus, the circumstances of this case demonstrate a "clear record of delay or contumacious conduct by plaintiff." Mazak v. Equifax Information Services, L.L.C., 2010 WL 2985920, *3 (N.D. Ga. 2010)(quoting Eades v. Ala Dep't of Human Res., 298 Fed. App. 862, 863-64 (11th Cir. 2008)(*per curiam*)(unpublished)(quoting, in turn, McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)(*per curiam*)). Plaintiff has failed to respond to defendant's nearly ten-month old discovery requests, comply with two court orders compelling him to do so, provide the court with an explanation for his lack of respond to the discovery requests, and appear for a hearing on the matter. Plaintiff's behavior demonstrates a clear pattern of willful conduct and not "simple negligence." See e.g. Calloway v. Perdue Farms, Inc., 313 Fed. Appx. 246 (11th Cir. 2009) (affirming dismissal with prejudice where *pro se* plaintiff repeatedly failed to submit discovery, respond to defendant's motion to dismiss for lack of prosecution, or comply with court's

show cause orders); Shortz v. City of Tuskegee, Ala., 352 Fed. Appx. 355 (11th Cir. 2009)(upholding dismissal with prejudice based on *pro se* plaintiff's failure to adequately respond to defendant's discovery requests, despite orders compelling him to do so – even though plaintiff appeared for his deposition and for a status conference); Mazak at **1-3 (holding that because *pro se* plaintiff failed to comply with an order of the court to file his discovery schedule, and with a subsequent order directing him to appear at a show cause hearing to demonstrate why his case should not be dismissed, he had engaged in willful conduct sufficient to warrant dismissal with prejudice under Rule 41(b)). Cf. McKelvey v. AT & T Tech., Inc., 789 F.2d 1518, 1520-21 (11th Cir. 1986) (holding that court abused its discretion in dismissing case with prejudice when dismissal was based on plaintiff's failure to respond to show cause order, given that plaintiff's failure to respond was the result of his not receiving the order).

In light of plaintiff's history of failure to obey court orders and respond to the court's directives, as well as his failure to prosecute this case, and in spite of repeated warnings that such failure may result in dismissal of his case, the court finds that no lesser sanction than dismissal with prejudice will suffice. Indeed, this court has already imposed a lesser sanction – granting defendant's motion for monetary sanctions associated with its having to file a second motion to compel – which has had no demonstrable effect on plaintiff's willingness to comply with orders of this court or move his case forward. See Fitzgerald v. Gillis, 2015 WL 4976536, *7 (N.D. Fla. July 23, 2015)(in the context of dismissing a case under Fed. R. Civ. P. 37, finding that as the court had already imposed monetary sanctions against plaintiff for his noncompliance, but that did not motivate him to comply, there were

9

no effective means of motivating plaintiff to cooperate in discovery and move the case forward, making no lesser sanction short of dismissal appropriate).

Finally, the court concludes that this case is due to be dismissed with prejudice notwithstanding plaintiff's *pro se* status. See e.g. Mazak at 3. *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed (Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)(*per curiam*)); however, "this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court." Burgin v. Burlington Coat Factory, 2013 WL 2444038, 19 *31 (N.D. Ala. June 4, 2013). See also Brown v. Tallahassee Police Department, 2006 WL 3307444, *1 (11th Cir. Nov. 15, 2006)).[2]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Plaintiff's complaint be DISMISSED with prejudice for failure to prosecute and comply with orders of this court pursuant to Fed. R. Civ. P. 41(b) and the court's inherent authority to enforce its orders and ensure prompt disposition of legal actions;

(2) Plaintiff's motion for appointment of counsel be DENIED as MOOT in light of the recommended dismissal with prejudice; and

(3) Plaintiff's motion for rescheduling be DENIED as MOOT for the same reason

---

[2] Because it is clear that the case is due to be dismissed with prejudice pursuant to Rule 41(b), and because the court is still does not possess the financial documents it required plaintiff bring to the show cause hearing, the court does not address whether this case is also due to be dismissed because plaintiff made false declarations in his application to proceed *in forma pauperis*, and makes no finding regarding whether his declarations were indeed false.

articulated in (2).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file objections to this Recommendation on or before April 22, 2016. Any such objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects.  The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

DONE, this the 8th day of April, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge

Case 2:15-cv-00299-WKW-SRW   Document 31   Filed 04/08/16   Page 12 of 12